[No. 10,153.]

## THE PEOPLE *v.* FRANCIS M. HUST.

EVIDENCE IN CRIMINAL CASE.—If an indictment for embezzlement contains what purports to be a copy of an agreement made between the defendant and the prosecutor, a copy of the same is not admissible in evidence on the trial, without first accounting for the original, and without proof of the execution of the instrument by the defendant.

The defendant was indicted for embezzlement, alleged to have been committed by feloniously taking and secreting 451 sheep, the property of J. S. Cone, the prosecutor, with the fraudulent intent to convert them to his own use. The indictment contained what purported to be a copy of a contract entered into between said Cone as party of the first part, and the defendant as party of the second part, on the 14th day of September, 1872. By the contract, Cone let Hust have 1,300 sheep to keep for one year. Hust was to have one half the wool, and, at the end of the year, was to return the 1,300 old sheep, but if there was any deficiency in the number, enough of the increase was to be counted out to make 1,300, and the remainder of the increase was to be equally divided between the parties. The defendant took the sheep under the contract, and the indictment alleged that, in September, 1873, he fraudulently and feloniously took and secreted 451 of the sheep, and converted them to his own use. During the trial, the District Attorney offered in evidence a paper, purporting to be a copy of

the agreement, set out in the indictment. The defendant objected that there was no proof that it was executed by him, and that it was irrelevant, and that it was not shown to be the agreement set out in the indictment. The Court overruled the objections. The defendant was convicted, and appealed.

*Charles A. Garter*, for the Appellant.

*George A. Blanchard*, for the People.

By the Court:

The admission in evidence of a copy of the agreement set forth in the indictment, without accounting for the absence of the original, and without any proof whatever of the execution of the instrument, was clearly erroneous.

Judgment reversed and cause remanded for a new trial.